IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-896-RGA |
| OFFICER WILLIAM THOMAS, | : |
| Defendant. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

October 8, 2019
Wilmington, Delaware


ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on May 13, 2019. (D.I. 2). He asserts jurisdiction by reason of a federal question. The Court proceeds to review and screen the Complaint under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Plaintiff alleges that on November 1, 2017, the Mobile Crisis Intervention team arrived at his house in response to a Facebook post Plaintiff had made earlier in the evening. (D.I. 2 at 2). The Facebook post, as described in the Complaint, was delusional. The team determined that Plaintiff was schizophrenic, removed him from his home, placed him in confinement, and medicated him with antipsychotic medications. (*Id.*).

Plaintiff alleges that Defendant Officer William Thomas is an employee of a municipality in the State of Delaware, which I interpret to mean that Officer Thomas works for a local police department. (*Id.* at 1). He alleges that Defendant: (1) censored his First Amendment rights to free speech and freedom of the press; (2) misdiagnosed him in violation of 18 U.S.C. §1035; (3) caused assault and battery when he was medicated unnecessarily for a disease he does not have; and (4) risked harm on his mother's life by removing Plaintiff (his mother's caregiver) from his mother's life. (*Id.* at 2-3). The Complaint describes schizophrenia in great detail. (*Id.* at 3-6).

Plaintiff indicates that he raises his claims under the Federal Tort Claims Act, 28 U.S.C. § 2674, as well as 42 U.S.C. § 1983. (D.I. 2 at 7). He also refers to immunity

under Delaware's County and Municipal Tort Claims Act, 10 Del. C. § 4011(a). Plaintiff alleges that as a direct and proximate result of the negligent conduct of Defendant, he has suffered serious bodily injury. He sees two million dollars in compensatory damages.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must

2

grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions are therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding

3

whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff attempts to raise a claim under the Federal Tort Claims Act. The Federal Tort Claims Act allows a plaintiff to seek damages from the United States for certain torts committed by federal employees. *See* 28 U.S.C. § 1346(b). There are no named federal defendants. Thus, the claim fails as a matter of law.

Plaintiff also attempts to raise a claim under 42 U.S.C. § 1983 for violations of his constitutional rights. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). In addition, mere negligence in and of itself does not violate one's constitutional rights. *See e.g.*, *Daniels v. Williams*, 474 U.S. 327, 330-30 (1986). Since all Plaintiff alleges is negligence, he does not state a § 1983 claim against Officer Thomas.

Further, Plaintiff alleges the acts of Officer Thomas in a conclusory manner. Defendant's negligence includes that he "misdiagnosed" schizophrenia. But nowhere does the Complaint suggest how or why a police officer would be making medical diagnoses. Nor is there any factual support for the assertion that Officer Thomas censored Plaintiff. Risking harm to Plaintiff's mother (besides for not being the basis for *Plaintiff* to assert a claim) is at most negligence. The Complaint provides no basis in fact to support a claim against Defendant.

In addition, it seems that Plaintiff attempts to raise claims under state law, but the Complaint simply does not provide sufficient facts to support any potential state law

4

claims. In any event, without a plausible federal law violation, there would be no basis for supplemental jurisdiction.

As pled, the Complaint fails to allege any federal violations or state law claims. Therefore, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Perhaps Plaintiff could adequately state claims if given another opportunity. Therefore, he will be given leave to amend.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). Plaintiff will be given leave to amend.

An appropriate order will be entered.