IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW JONES,                          :
                                        :
            Plaintiff,                  :
                                        :
      v.                                : Civil Action No. 19-896-RGA
                                        :
OFFICER WILLIAM THOMAS,                 :
                                        :
            Defendant.                  :

Matthew Jones, Greenwood, Delaware.   Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

April 20, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to

proceed *in forma pauperis*, filed this action on May 13, 2019.   (D.I. 2).   He asserts

jurisdiction by reason of a federal question.   I dismissed the original complaint and

gave Plaintiff leave to amend. (D.I. 6, 7). He filed an Amended Complaint (D.I. 8), which

I will review and screen under 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The Amended Complaint's allegations are similar to those in the original

complaint.   Plaintiff alleges that on November 1, 2017, the State Police, Defendant

Officer William Thomas, Greenwood Police, and Recovery Innovations workers arrived

at his house in response to a Facebook post Plaintiff had made earlier in the evening.

(D.I. 8 at 2-3).   Plaintiff alleges that:   (1) Defendant, an employee of the municipality of

the Town of Greenwood, Delaware, and others searched him and his home without a

warrant; (2) after Defendant asked Plaintiff several questions he determined that

Plaintiff was a threat to himself and others and "judged" Plaintiff as having

schizophrenia; and (3) Defendant removed Plaintiff from his home and transported

Plaintiff to the Nanticoke Hospital where Defendant recommended that Plaintiff be

involuntarily held and medicated.   (*Id.* at 1, 4-5).

The Amended Complaint alleges Defendant:   (1) violated numerous legal

rulings; (2) violated Plaintiff's rights under the First, Second, Fourth, Eighth, and

Fourteenth Amendments of the United States Constitution; (3) misdiagnosed him in

violation of 18 U.S.C. §1035; (4) caused assault and battery when Plaintiff was

medicated unnecessarily for a disease he does not have; and (5) risked harm on Plaintiff's mother's life by removing Plaintiff (his mother's caregiver) from his mother's life.   (*Id.* at 13-14).   As in the original complaint, the Amended Complaint provides a detailed description of schizophrenia.   (*Id.* at 6-10).

Plaintiff indicates that he raises his claims under the Federal Tort Claims Act, 28 U.S.C. § 2674, as well as 42 U.S.C. § 1983.   (*Id.* at 15-16).   He also refers to immunity under Delaware's County and Municipal Tort Claims Act, 10 Del. C. § 4011(a).   (*Id.* at 16).   Plaintiff alleges that as a direct and proximate result of the negligent conduct of Defendant, he has suffered serious bodily injury and incurred medical bills.   He seeks two million dollars in compensatory damages.

## LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."   *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).   The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff.   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless

legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

3

When reviewing the sufficiency of a complaint, a court should follow a three-step process:   (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim.   *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).   Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id.*

## DISCUSSION

The original complaint was dismissed as deficiently pled because it did not allege any federal violation or state law claims.   As in the original complaint, Plaintiff invokes the Federal Tort Claims Act, but names no federal defendants.   The Federal Tort Claims Act allows a plaintiff to seek damages from the United States for certain torts committed by federal employees.   *See* 28 U.S.C. § 1346(b).   The claim fails as a matter of law.

Plaintiff alleges he was misdiagnosed in violation of 18 U.S.C. § 1035, a federal criminal statute.   To the extent that Plaintiff seeks to impose criminal liability upon Defendant pursuant to the criminal statutes upon which he relies, he lacks standing to proceed.   *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.").   The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor.   *See United States v. Batchelder*,

4

442 U.S. 114, 124 (1979). The claim will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

While most of the facts in the Amended Complaint lacks sufficient facts to support any federal claim against Defendant, Plaintiff does allege a warrantless search and seizure of himself and his home.   Liberally construing the Amended Complaint as the Court must, Plaintiff has alleged what appears to be a Fourth Amendment claim under 42 U.S.C. § 1983.   He will be allowed to proceed on the claim.   The Amended Complaint does not state claims under the First, Second, Eighth or Fourteenth Amendments, and these claims will be dismissed.

Plaintiff alleges in a conclusory manner Defendant's negligence, that Defendant misdiagnosed Plaintiff, but nothing explains why a police officer would made such a diagnosis.   The Amended Complaint also alleges that Defendant recommended Plaintiff's hospitalization.   The allegation infers that decision to hospitalize Plaintiff was not within Defendant's control.   Risking harm to Plaintiff's mother is at most negligence, but it is not a basis for Plaintiff to assert a claim (*i.e.*, he may not assert claims on his mother's behalf).   Nor are there any factual allegations to support the numerous other claims of alleged violative conduct by Defendant.

Finally, it seems that Plaintiff attempts to raise claims under state law, but the Amended Complaint does not provide sufficient facts to support any potential state law claims.   Therefore, the potential state claims will be dismissed as frivolous.

5

**CONCLUSION**

For the above reasons, Plaintiff will be allowed to proceed on the Fourth

Amendment unlawful search and seizure claim.   All other remaining claims will be

dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate order will be entered.

6