IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW JONES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 19-896-RGA |
| | : | |
| OFFICER WILLIAM THOMAS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

1.  **Introduction**.  Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on May 13, 2019.  (D.I. 2). The Amended Complaint is the operative pleading.  (D.I. 8).  Before the Court are Plaintiff's motion for issuance of subpoenas, motion to compel, and motion for reconsideration.  (D.I. 17, 32, 46).  Also pending is Jesse Vanderwende's motion to quash subpoena and for a protective order.  (D.I. 45).

2.  **Motion for Issuance of Subpoenas**.  Plaintiff asks the Court to issue a number of subpoenas.  (D.I. 17).  The case involves a claim that Defendant searched Plaintiff's home without a warrant on November 1, 2017.

3.   A federal court has the inherent power to protect any one from oppressive use of process, even if no oppression is actually intended.  *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991).  Here, Plaintiff seeks issuance of subpoenas for a number of individuals and agencies.   It is far from clear how the documents he seeks are relevant to the issue of a Fourth Amendment unlawful search and seizure claim.  Therefore, the requests for issuance of subpoenas will be denied without prejudice to renew upon a

1

showing of the relevance of the documents requested to the lone issue upon which this case proceeds.

4. **Motion to Compel**. Plaintiff moves to compel Defendant to answer interrogatories and requests for production of documents served on August 25, 2020. (See D.I. 25, 26, 32). Plaintiff contends Defendant did not fully and completely respond to the discovery requests. Defendant answered the discovery requests on September 10, 2020. (See D.I. 31).

5. Pursuant to Fed. R. Civ. P. 26, ["p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Under Rule 37, a party may move for an order compelling discovery if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce document as requested under Rule 34. See Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

6. The Court has reviewed the responses to Plaintiff's discovery requests. Defendant responded to all interrogatories and requests for production of documents. While Defendant raised objections to the discovery, he also satisfactorily answered the discovery and the objections raised are well-taken. Therefore, the Court will deny the motion to compel.

7. **Motion to Quash and for Protective Order**.  Delaware State Representative Jesse Vanderwende moves the Court to quash a subpoena served upon him by Plaintiff.  (D.I. 45).  He also seeks a protective order to prevent Plaintiff from continuing to file frivolous pleadings.

8. As discussed, this case involves a claim that Plaintiff's home was searched without a warrant by Defendant Thomas in violation of the Fourth Amendment.  On November 12, 2020, the Court issued an order that quashed deposition notices and documents requests served on various entities and individuals.  (*See* D.I. 44).  For the same reasons as set forth in the November 12, 2020 Order, Vanderwende's motion will be granted.

9. **Motion for Reconsideration**.  Plaintiff moves for reconsideration of the November 12, 2020 (D.I. 44) order that quashed deposition and documents requests and prohibits Plaintiff from serving further notices and/or subpoenas on any of the individuals named in the relevant depositions notices attached to D.I. 36 and D.I. 37.  Plaintiff disagrees with the ruling and moves for reconsideration.  (D.I. 46).

10. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or [to] prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

11.     The Court has reviewed the November 12, 2020 Order.  There is no error, and Plaintiff has provided no grounds that warrant reconsideration.  Therefore, Plaintiff's motion for reconsideration will be denied.

12.     **Conclusion**.  Based upon the above discussion, the Court will: (1) deny Plaintiff's motion for issuance of subpoenas without prejudice to renew (D.I. 17); (2) deny Plaintiff's motion to compel (D.I. 32); (3) grant Vanderwende's motion to quash subpoena and for a protective order (D.I. 45); and (4) deny Plaintiff's motion for reconsideration (D.I. 46).   A separate order shall issue.

    /s/ Richard G.,Andrews
UNITED STATES DISTRICT JUDGE

March 9, 2021
Wilmington, Delaware