IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action. No. 19-896-RGA |
| | ) |
| OFFICER WILLIAM THOMAS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 1st day of June, 2022,

IT IS ORDERED, as follows:

1. **Introduction**. Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action on May 13, 2019. (D.I. 2). The matter proceeds on the Amended Complaint. (D.I. 8). On March 16, 2022, this Court reopened discovery for the limited purpose of discovering facts relevant to the issues in the case. (D.I. 70). On April 27, 2022, Defendant wrote to the Court regarding two ongoing discovery disputes: (1) the deposition of Plaintiff and his mother, Linda Jones; and (2) nine subpoenas purportedly served by Plaintiff. (D.I. 80). The Court ordered Plaintiff to respond to the letter on or before May 20, 2022. (D.I. 81). Plaintiff did respond. (D.I. 83).

2. **Discussion**. The Court addresses only the issue of depositions, as Defendant has withdrawn his motion to quash Plaintiff's subpoenas. (D.I. 84). In Plaintiff's Response, he states that Defendant presents no new arguments and that he previously addressed each argument made by Defendant. The rest of the Response is a rambling harangue that discusses many things including identification, racial mix, murder and movies, but fails to address the depositions of Plaintiff and his mother. The depositions of

1

Plaintiff and his mother were scheduled for April 29, 2022 via the Zoom platform. (D.I. 71, 72). Both did not appear for the scheduled deposition, with Linda Jones advising by phone that she "refuses to participate." (D.I. 84, D.I. 84-1 at 3, 9). Neither Plaintiff nor Linda Jones provide valid reasons for their failure (or refusal) to appear at deposition. Defendant asks the Court to compel the depositions of Plaintiff and Linda Jones or, in the alternative, requests a discovery conference with the Court.

3. With regard to Plaintiff, pursuant to Fed. R. Civ. P. 37, having reviewed the parties' submissions, the Court will **GRANT** Defendant's motion to compel the deposition of Plaintiff on a date and location set forth by Defendant's counsel. Plaintiff is placed on notice that his failure to appear may result in the imposition of sanctions, which might include **DISMISSAL OF HIS CASE**. Fed. R. Civ. P. 37(b)(2).

4. With regard to Linda Jones, a non-party, Fed. R. Civ. P. 45 governs the issuance of subpoenas in federal civil litigation. The rule enables a party to compel a non-party to appear for deposition. Fed. R. Civ. P. 45(a)(1)(A)(iii). Having reviewed the parties' submissions, it does not appear that Defendant subpoenaed Linda Jones to attend her deposition. Instead, Defendant sent Linda Jones a notice of the deposition. Because she was not subpoenaed to appear, as a non-party, the Court cannot compel her to appear for a deposition. Therefore, Defendant's motion to compel the deposition of Linda Jones is **DENIED** without prejudice.

/s/ Richard G. Andrews<br>
UNITED STATES DISTRICT JUDGE